23CA0678 Peo v Burden 01-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0678
Jefferson County District Court No. 22CR1765
Honorable Christopher C. Zenisek, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jordon Christopher Burden,

Defendant-Appellant.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Tow and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

Philip J. Weiser, Attorney General, Alejandro Sorg Gonzalez, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jessica A. Pitts, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Jordon Christopher Burden, appeals the trial court's restitution order.  Because we agree with Burden that the restitution order was entered beyond the statutory deadline without a timely express good cause finding to extend the deadline, we vacate the restitution order.

## I.    Background

¶ 2    On September 26, 2022, Burden pleaded guilty to felony theft and the court sentenced him to one year in prison.  The court then ordered restitution and granted the prosecution ninety-one days "to identify the amount."[1]  The court added that "an objection may be raised thereafter," and that it would set a hearing "if there's a dispute about the amount."

¶ 3    Forty-six days after sentencing, on November 11, the prosecution filed a motion requesting restitution.  A few days later, the court granted the prosecution's request that any objection be filed within twenty-one days.

---

[1] The plea agreement required Burden to pay restitution for all losses proximately caused by his conduct, but said nothing about the timing of a restitution request.

¶ 4     On November 30 — less than twenty-one days after the court's order — Burden objected to the restitution motion and requested a hearing.  A couple weeks later, the court ordered "[a] hearing may be set."

¶ 5     For reasons that aren't apparent in the record, the court set the restitution hearing on February 8, 2023 — 135 days after the sentencing hearing.  On that day, however, because the defendant was not released from prison to attend the hearing, the parties and the court agreed to reset the hearing, and the prosecutor said she would "make sure to writ for the next hearing."

¶ 6     Ultimately, on March 8 — 163 days after sentencing — the court held the restitution hearing and ordered Burden to pay $9,149.67 in restitution.

## II.    Analysis

¶ 7     Burden asks us to vacate the restitution order because it was entered more than the ninety-one days after the statutory deadline without a timely express good cause finding to extend the deadline.

¶ 8     A sentencing court must address restitution.  *See* § 18-1.3-603(1), C.R.S. 2024.  One way to do that — as happened here — is to order that the "defendant is obligated to pay restitution," but to

2

defer determining the specific amount of restitution. § 18-1.3-603(1)(b). If the court follows this approach, it must determine the amount of restitution within ninety-one days of sentencing. *See* § 18-1.3-603(1)(b); *see also People v. Brassill,* 2024 COA 19, ¶ 24. The ninety-one-day deadline "may be extended only if, before the deadline expires, the court expressly finds good cause for doing so." *People v. Weeks,* 2021 CO 75, ¶ 5. Absent a timely good cause finding, a trial court loses authority to enter a restitution order after the statutory deadline has expired. *See id.* at ¶ 45.

¶ 9 Whether a court has authority to order a defendant to pay restitution is a legal question that we review de novo. *People v. Roddy,* 2021 CO 74, ¶ 23.

¶ 10 It's undisputed that the trial court imposed restitution more than ninety-one days after the September 2022 sentencing hearing and without a timely and express finding of good cause to extend the deadline. *See Weeks,* ¶ 40. The trial court therefore had no authority to impose restitution in March 2023. *See id.* at ¶ 45.

¶ 11 Even so, the People urge us to affirm the restitution order. They first argue that Burden invited the untimely restitution order because he "failed to move for a prompt resolution of this matter

3

when he later worked with the prosecution to schedule their first evidentiary hearing" after the statutory deadline had expired. The problem with this argument, however, is that the record doesn't support it. From the limited record before us, all we know is that Burden objected to the prosecution's restitution request and requested a hearing in a timely manner, well within the statutory deadline. Nothing in the record suggests that Burden asked the court to either extend the statutory deadline or set the hearing beyond the deadline. Nor does it show he "worked with the prosecution" to set the hearing outside the statutory deadline. The record is simply silent as to why the restitution hearing was set beyond the statutory deadline. For that reason, we don't agree that Burden invited the court to disregard its obligation "to ensure that restitution is resolved" within the statutory deadline. *See Brassill*, ¶ 20; *see also People v. Rediger*, 2018 CO 32, ¶ 34 ("The doctrine of invited error prevents a party from complaining on appeal of an error that [he] has invited or injected into the case.").

¶ 12    We are similarly unpersuaded by the People's related contention that Burden waived his statutory right to a timely restitution order. Waiver is the "<u>intentional</u> relinquishment of a

known right or privilege." *Rediger*, ¶ 39 (citation omitted). And here, too, the record doesn't show Burden intentionally relinquished his statutory right to a timely restitution order. While we know that the court set the restitution hearing beyond the statutory deadline, we don't know whether Burden pushed for an earlier date or objected to the date ultimately selected. *Cf. People v. Babcock*, 2023 COA 49, ¶ 13 (holding that a defendant who asked the trial court to set a restitution hearing after the ninety-one-day deadline expired waived the right to challenge the timeliness of the order) (*cert. granted* Apr. 8, 2024).

¶ 13    To be sure, nothing in the record shows that Burden asserted his right to a timely restitution order. But the statute doesn't require him to do so. *See* § 18-1.3-603(1)(b), (2). Burden therefore didn't waive his right to have the amount of restitution resolved within the statutory deadline by not asserting the right on the record. *See Rediger*, ¶ 40 ("The requirement of an intentional relinquishment of a known right or privilege . . . distinguishes a waiver from a forfeiture, which is 'the failure to make the timely assertion of a right.'" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))). Thus, on this record we simply can't say that Burden

5

intended to relinquish his right to have restitution determined within the statutory deadline.[2]

¶ 14    Because the court didn't enter the restitution order within the statutory deadline, it lost authority to impose restitution and we must vacate the restitution order. *See Weeks*, ¶ 45. And because the entry of a restitution order that the court lacked authority to enter "by definition, is not harmless," *People v. Mickey*, 2023 COA 106, ¶ 11, we also reject the People's contention that vacatur isn't required because Burden didn't demonstrate prejudice from the untimely order. *See People v. Roberson*, 2023 COA 70, ¶ 32 (observing that *Weeks* vacated the untimely restitution order without considering harmlessness) (*cert. granted* Apr. 8, 2024).

¶ 15    Having vacated the restitution order, we needn't consider Burden's alternate challenge to the amount of restitution imposed.

---

[2] True, defense counsel requested a continuance at the first restitution hearing because Burden wasn't present. But that doesn't matter because at that time the ninety-one-day statutory deadline had already passed and the court was without authority to order restitution.

### III.   Disposition

¶ 16     The restitution order is vacated and the case is remanded for the trial court to amend the mittimus to reflect that no restitution is owed.

JUDGE TOW and JUDGE BERGER concur.